UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KEVIN WARE** : | **DOCKET NO. 12-cv-1772** |
| D.O.C. # 220915 | **SECTION P** |
| **VERSUS** : | **JUDGE MINALDI** |
| **BURL CAIN, WARDEN** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed pro se by Kevin Ware ("petitioner") [doc. 1]. Petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana State Penitentiary at Angola ("Angola"). Burl Cain ("respondent"), warden of Angola, has responded [doc. 32].

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

*A. Conviction and Direct Appeal*

On March 20, 2007, the petitioner was convicted of second degree murder for the killing of his landlord by a jury sitting in the 33rd Judicial District Court, Allen Parish, Louisiana. *State v. Ware*, 980 So.2d 730, 732 (La. Ct. App. 3d Cir. 2008). On June 12, 2007, the trial court

sentenced the petitioner to life in prison without the benefit of probation, parole, or suspension of sentence. *Id.* At his sentencing hearing the petitioner made an oral motion for an appeal alleging insufficient evidence to convict him of second degree murder, multiple abuses of discretion by the trial court, and an excessive sentence. *Id.*

The Louisiana Third Circuit Court of Appeal reviewed petitioner's designated errors and found them to be without merit. *Id.* Petitioner's request for review to the Louisiana Supreme Court was denied on October 31, 2008. *State v. Ware*, 994 So.2d 534 (La. 2008). It does not appear that the petitioner sought further relief from the United States Supreme Court.

### B. State Collateral Review

The petitioner then sought collateral review through the State of Louisiana by completing an application for post-conviction relief, filed on October 30, 2009. Doc. 1, att. 3, pp. 14–21; Doc. 1, att. 2, p. 3. He complained of errors by the trial court and ineffective assistance of counsel. Doc. 1, att. 3, pp. 14–21. The petitioner claims that relief was denied by the trial court on April 27, 2010. Doc. 1, att. 2, p 3.

He then applied to the Louisiana Third Circuit Court of Appeal which denied the writ on May 11, 2011. Doc. 1, att. 4, p. 40. Lastly he applied to the Louisiana Supreme Court, which denied review on November 23, 2011. *State ex rel. Ware v. State*, 76 So.3d 1150 (La. 2011). However, the petitioner alleges that he did not receive notice of this ruling until April 10, 2012, following his submission of a request for an update on the status of his writ application on April 3, 2012. *See* Doc. 1, att. 4, p. 77; Doc. 1, att. 2, p. 3.

### C. Habeas Application

The petitioner filed the instant application with this court on June 26, 2012. Doc. 1. He maintains that his writ should be granted because of the abuses of discretion by the trial court and

ineffective assistance of counsel claims asserted in his state application for post-conviction relief. Doc. 1, att. 2, p. 1. He also alleges that the evidence was insufficient to sustain a conviction for second degree murder. *Id.*

Following receipt of the petition, we instructed the petitioner to justify the untimeliness of his application (discussed further infra, Section III). Doc. 12. The petitioner provided explanation and evidence of his late receipt of notification from the Louisiana Supreme Court.[1] He also showed that, in addition to the status request he sent on April 3, 2012, which resulted in his being informed of the court's decision, he had sent a request for confirmation of the application's receipt on August 15, 2011. *Id.* at 7.

## II.
### LEGAL STANDARD

As a preliminary matter, we consider the timeliness of this petition. Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This limitation period generally runs from the date that the conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d

---

[1] The petitioner explained that he was incarcerated at Angola the entire time his application was pending before the Louisiana Supreme Court. Doc. 18, pp. 3–4. He received correspondence there from the Law Library of the Louisiana Supreme Court, but no correspondence from the Louisiana Supreme Court itself between August 22, 2011, and April 9, 2012. Doc. 18, att. 1, pp. 2–4. The petitioner also stated that "[t]here was no need" for him to submit a change of address notification, as he was at Angola the entire time his application for post-conviction relief was pending before that court. Doc. 18, p. 4. However, the petitioner was temporarily relocated to Dixon Correctional Institute due to flooding near Angola when he requested an extension for filing this application from the Louisiana Supreme Court. Doc. 18, p. 3; Doc. 1, att. 4, pp. 41–43; Doc. 52, p. 3.
   The Louisiana Supreme Court initially mailed denial of the petitioner's writ to Dixon Correctional Institute. Doc. 52, att. 1. The Louisiana Supreme Court records department confirmed to chambers on November 19, 2015, that the petitioner's file contained no notification of change of address. Therefore it appears that the Louisiana Supreme Court took the petitioner's address from his request for an extension, and that his failure to file a change of address upon moving back to Angola caused the denial to be sent to the wrong address.

510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### III.
### ANALYSIS

Here we note that the petitioner's conviction became final 90 days after the judgment of the Louisiana Supreme Court, when his time for seeking review by the U.S. Supreme Court expired. *See* Sup. Ct. R. 13. Therefore the one year limit for filing his § 2254 petition began running on January 29, 2009. It was suspended by his application for post-conviction relief on October 30, 2009, after 274 days. The relevant dates can thus be summed up as follows:

| | |
|---|---|
| January 29, 2009 | Judgment becomes final |
| October 30, 2009 | Application for post-conviction relief filed |
| November 23, 2011 | Louisiana Supreme Court denies application for post-conviction relief |

| | |
|---|---|
| April 10, 2012 | Petitioner alleges he first received notice of denial |
| June 26, 2012 | Petitioner files instant application with this court |

The petitioner contends that the suspension of the delay for filing this proceeding due to the pendency of the state court collateral proceeding ended when he allegedly first received notice of the Louisiana Supreme Court's ruling, April 10, 2012 (from an April 9, 2012 receipt date in the mail log), and not on November 23, 2011, the date of the Supreme Court's ruling. If we were to consider the date of the court's ruling as the date on which delays would begin to accumulate anew then he is now barred under § 2244(d). If we were to consider the date of petitioner's receiving notice of the court's ruling as the date on which delays would begin to accumulate anew then petitioner's filing was made at 351 days and thus two weeks under his § 2244(d) limit.

The Fifth Circuit has stated that "[f]ederal courts interpret the federal time period as running from the event described rather than receipt of notice," meaning that § 2244(d)'s one-year limit begins to run at the time the judgment is entered rather than when the petitioner receives notice. *Lookingbill v. Cockrell*, 293 F.3d 256, 261–62 (5th Cir. 2002). Accordingly this application was not timely filed. We are, however, empowered to consider the extent to which petitioner's alleged delay in receiving notice should cause us to reach a different result under the doctrine of equitable tolling.

The Supreme Court has held that a state habeas petitioner is entitled to equitable tolling of § 2244(d)'s limit upon a showing that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[2] *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations omitted). It is the petitioner's burden to

---

[2] In *Holland* the extraordinary circumstance was the "gross negligence" of the petitioner's attorney in failing to file the application on time despite several reminders. *Id.* at 2564.

establish that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g,* 223 F.3d 797 (5th Cir. 2000).

Applying these standards, the Fifth Circuit held that a petitioner did not exercise reasonable diligence when he failed to act for several months without offering any excuse. *Palacios v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013) (giving as example medical impediments and time spent in administrative segregation). It has also held that a petitioner claiming equitable tolling of § 2244(d) due to delay of notice "must show that he pursued the habeas corpus relief process with diligence and alacrity **both before and after** receiving notification." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (emphasis added).

In *Stroman v. Thaler*, the Fifth Circuit distinguished the extent of equitable tolling in *Hardy* based on Stroman's longer delay between inquiries and other showings of Stroman's lack of diligence.[3] 603 F.3d 299, 301–03 (5th Cir. 2010). In affirming the district court's finding of a lack of necessary diligence, the Fifth Circuit referenced not Stroman's delay in inquiry, in light of the fact that he only had five months remaining to file his federal habeas petition, as well as his seven week delay between notification of denial of his state habeas petition and filing of his federal habeas petition. *Id.* at 302–03.

Based on this holding, we cannot justify equitable tolling in the petitioner's case. Even as we acknowledge that the participant is less blameworthy for the delay in notice, based on a reasonable belief that his address would be taken from the facility where he was incarcerated when he filed his application (see note 1, *supra*) and delay in notice could create the "extraordinary

---

[3] Stroman waited 18 months between his first and second inquiry on the status of his petition. *Stroman*, 603 F.3d at 301. Hardy, who still had more than ten months remaining under § 2244(d), delayed 11 months between inquiries. *Hardy*, 577 F.3d at 597, 599.

circumstances" necessary for tolling § 2244(d)'s one-year limit, we find that the petitioner has failed to show the necessary "diligence and alacrity" before and after the delay.

The petitioner only offers evidence of his initial request for confirmation of receipt in August 2011 and then one inquiry to the Louisiana Supreme Court on the status of his case on April 3, 2012. Although an eight month gap between inquiries is certainly within the timeframe considered in *Hardy*, that case and *Stroman* should not be read strictly by months between their respective inquiries. Instead, they should be understood in light of the other factors they cite. *See, e.g.*, *Kirvin v. Stephens*, 2014 WL 3401153 (N.D. Tex. Jul. 10, 2014). These factors show that the petitioner here failed to exercise the requisite diligence both before and after receiving notification of the Louisiana Supreme Court's decision.

We find no justification for the initial nine month delay between final judgment in January 2009 and filing of his application for post-conviction relief in October 2009. This delay left the petitioner with a much shorter timeline – three months – than either Stroman or Hardy. Accordingly, we would expect more urgency on his part in monitoring the status of his case. Furthermore, though filing the day he received notice would still have put him outside the one year time limit, he delayed 77 days between receiving notice of the Louisiana Supreme Court's decision on his application for post-conviction relief and filing the instant application. We observe no basis for this, as the arguments and attachments in the two petitions are duplicative. Under our precedents we cannot find that the petitioner has satisfied the diligence prerequisite for equitable tolling. His § 2254 application is therefore untimely and must be denied.

## IV.
### CONCLUSION

For the reasons stated above, the undersigned concludes that the petitioner is not entitled to federal habeas relief.

Accordingly, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 13th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE